**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| YVETTE PENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| GC SERVICES, LP, | ) **JURY TRIAL** |
| | ) |
| Defendant. | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| | ) |

YVETTE PENN ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Maryland, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Waldorf, Maryland 20602.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 6330 Gulfton Drive, Houston, Texas 77081.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant contacted Plaintiff in its attempt to collect a consumer debt allegedly owed to Citibank, N.A. regarding a Citi AT&T Universal Mastercard.

11. The alleged debt at issue arose out of transactions that were for personal, family, or household purposes; as Plaintiff does not have any business debt.

12. Beginning in or around August 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempts to collect the alleged debt.

13. Defendant's calls originated from telephone numbers including, but not limited to, (800) 457-2370, (800) 652-7681 and (703) 596-4815. The undersigned has confirmed that these numbers belong to Defendant.

14. On August 28, 2014, Defendant sent Plaintiff a collection letter seeking to collect on the alleged debt. See Exhibit "A," August 2014 Collection Letter.

15.

16. Frustrated by Defendant's repeated harassing calls, Plaintiff retained legal counsel.

17. Plaintiff's counsel sent Defendant a Letter of Representation, via certified mail, that advised Defendant to cease and desist from communicating with Plaintiff and to direct all future correspondence to Plaintiff's counsel. <u>See</u> Exhibit "B," correspondence to Defendant with cease and desist notice.

18. Plaintiff's counsel's letter was received by Defendant on September 18, 2014 according to the USPS tracking system. <u>See</u> Exhibit "C," USPS Tracking Information.

19. Despite being notified that Plaintiff was represented by legal counsel—and in disregard of Plaintiff's counsel's cease and desist notice—Defendant's sent Plaintiff another collection letter dated September 26, 2014. <u>See</u> Exhibit "D," September 2014 Collection Letter.

20. After having knowledge that Plaintiff was represented by legal counsel, and in light of the fact that it was provided a cease and desist notice, there was no reason for Defendant to send any additional collection letters, other than for the purposes of harassment.

21. Defendant's actions in attempting to collect the alleged debt were harassing, abusive, and annoying.

**COUNT I**
**<u>DEFENDANTS VIOLATED § 1692c(a)(2) OF THE FDCPA</u>**

22. A debt collector violates § 1692c(a)(2) by communicating with a consumer in connection with the collection of any debt, after the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

23. Defendant violated § 1692c(a)(2) when it sent collection letters to Plaintiff after being advised that Plaintiff was represented by legal counsel and after being served a cease and desist notice.

### COUNT II
### DEFENDANTS VIOLATED § 1692d OF THE FDCPA

24. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

25. Defendants violated § 1692d when it placed repeated and continuous harassing collection calls to Plaintiff; when it sent collection letters directly to Plaintiff after having knowledge that Plaintiff was represented by legal counsel; and, when it continued to contact Plaintiff after being served a formal cease and desist notice.

### COUNT III
### DEFENDANTS VIOLATED § 1692d(5) OF THE FDCPA

26. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

27. Defendants violated § 1692d(5) when it placed harassing collection calls to Plaintiff causing her cellular telephone to ring repeatedly and continuously.

### COUNT IV
### DEFENDANTS VIOLATED § 1692f OF THE FDCPA

28. A debt collector violates § 1692f by using unfair or unconscionable means to

collect or attempt to collect any debt.

29. Defendants violated § 1692f when harassed Plaintiff regarding the alleged debt; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, YVETTE PENN, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, YVETTE PENN, demands a jury trial in this case.

Respectfully submitted,

DATED: October 10, 2014

/s/ Amy L. Bennecoff
Amy L. Bennecoff, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: 215-540-8888
Fax: 215-540-8817
Email: abennecoff@creditlaw.com

Attorney for the Plaintiff